JUDGE RAMOS

**12 CIV 0783**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
ROBERT GONZALEZ, on behalf of himself and
all others similarly situated,

              Plaintiff,        **COMPLAINT – CLASS ACTION**
                              **JURY TRIAL DEMANDED**

    v.

RELIN GOLDSTEIN & CRANE, LLP

             Defendant.
------------------------------------------------------X



## INTRODUCTION

1. Plaintiff brings this action to secure redress from unlawful credit and collection practices engaged in by the debt collector defendant Relin, Goldstein & Crane, LLP ("RGC"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt. 15 U.S.C. §§1692d, 1692e and 1692f.

## JURISDICTION, VENUE AND PARTIES

3. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA).

4. Venue and personal jurisdiction in this District are proper because:

    a. Defendant's collection communications were received by plaintiff within this District;

    b. Defendant does business within this District.

5. Plaintiff, Robert Gonzalez, is an individual who resides in Dutschess County, New York.

6. Defendant, Relin, Goldstein & Crane, LLP ("RGC") is a New York limited liability partnership with offices at 28 East Main Street, Suite 1800 in Rochester, New York 14614.

7. RGC is a law firm engaged in the business of collecting debts allegedly owed to others.

8. According to its September 17, 2010 letter "The firm of Relin, Goldstein & Crane, LLP is a law partnership representing financial institutions in the area of creditors' rights in New York."

9. RGC is a debt collector as defined in the FDCPA.

## FACTS

10. On or about February 18, 2011, plaintiff was sent the collection letter attached as <u>Exhibit A</u>, bearing the defendant's name.

11. In sending <u>Exhibit A</u>, defendants sought to collect a debt incurred for personal, family or household purposes, namely fees emanating from a personal credit card account.

12. <u>Exhibit A</u> is a standard form document.

13. More than 200 examples of <u>Exhibit A</u> have been sent out during the last 12 months.

14. <u>Exhibit A</u> is sent out with the knowledge and consent of the defendant.

15. Documents in the form represented by <u>Exhibit A</u> are regularly sent to collect delinquent debts.

16. <u>Exhibit A</u> provides "Please note that interest is accruing on this debt. For that reason, please contact our office to obtain the pay-off amount prior to making your payment."

17. Upon information and belief, the first sentence in the quote above is intended to mislead consumers into believing that interest is accruing on their debt.

18. Upon information and belief, a letter written 5 months earlier suggests that interest <u>is not</u> accruing on this debt. Specifically, the letter dated September 17th, 2010 shows the exact same balance as the letter dated February 18th, 2011. See <u>Exhibit B</u>.

19. Upon information and belief, the letter dated February 18th, 2011 contained the false statement that "interest is accruing on this debt".

## **VIOLATIONS ALLEGED**

20. <u>Exhibit A</u> violates 15 U.S.C. §1692, §1692e(10), §1692e(2)(a).

21. Section §1692e provides:

### § 1692e.  False or misleading representations

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:...

    (2)    The false representation of—
        **(A)** the character, amount, or legal status of any debt....

    (10)   The use of any false representation or deceptive means to collect or attempt to collect any debt....

22. Defendants violated the above provisions of the statute because <u>Exhibit A</u> is deceptive, misleading and false.

23. <u>Exhibit A</u> indicates that interest is accruing on this debt when in reality it is not.

24. RGC is liable to the plaintiff for statutory damages pursuant to §1692k in an amount to be determined at trial.

## CLASS ALLEGATIONS

25. Plaintiff brings this action on behalf of a class, pursuant to Federal Rules of Civil Procedure Rule 23(a) and 23(b) (3).

26. The class consists of (a) all individuals (b) with a New York address (c) who were sent a letter in the form represented by <u>Exhibit A</u> when interest was not accruing on their account (d) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

27. The class is so numerous that joinder of all members is not practicable. On information and belief, there are at least 40 members of the class.

28. There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant common question is whether a letter conveying that interest is accruing when in fact interest is not accruing violates the FDCPA.

29. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

30. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

31. A class action is superior for the fair and efficient adjudication of this matter, in that:

   a. individual actions are not economically feasible;

b. Members of the class are likely to be unaware of their rights;

c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of plaintiff and the class and against the defendant for:

(1) Statutory damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other and further relief as the Court deems proper.

Dated: New York, New York
January 30th, 2012

By: _____
Shimshon Wexler (SW0770)
The Law Offices of Shimshon Wexler, PC
*Attorney for Plaintiff*
2710 Broadway, 2FL
New York, New York 10025
Tel: (212)760-2400
Fax: (917)512-6132
swexler@collectorabuselaw.com

## DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

_____
Shimshon Wexler

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

_____
Shimshon Wexler

# EXHIBIT A

# Relin, Goldstein & Crane, LLP
Attorneys at Law
28 East Main Street, Suite 1800
Rochester, New York 14614
Phone: (585) 325-6202   Toll Free: (800) 203-9552
Fax: (585) 325-6201

Paul L. Goldstein  (FL and NY)　　　　　　　　　　　David P. Case
Howard R. Crane　　　　　　　　　　　　　　　　　　Adam J. Karns
Mark K. Broyles  (LA and NY)
Joseph M. Shur

February 18, 2011



Robert Gonzalez
5 Fairview Road
Beacon, New York 12508

**Re: Chase Bank USA, N.A.**
**Current Balance: $3,667.77**
**RGC No. 10-02936-0**

　　　　Here's your chance to put this matter behind you.  You may realize a significant reduction in the amount you owe by using your tax refund to settle your debt.

　　　　Please contact us to take advantage of this opportunity.  Our toll free number is 1-800-203-9552.  Please note that interest is accruing on this debt.  For that reason, please contact our office to obtain the pay-off amount prior to making your payment.

　　　　If you are unable to settle this debt at this time, please contact our office to work out a reasonable payment plan to satisfy the full balance due.  We are willing to work with you to resolve this matter.  If you already have a payment arrangement with our office and are unable to settle this debt at this time, please continue to make your scheduled payments.

　　　　Thank you for your attention ʼ　　　ˑmatter.


**RELIN, GOLDSTEIN & CRANE, LLP**


**THIS IS A COMMUNICATION FROM A DEBT COLLECTOR, IN AN ATTEMPT TO COLLECT A DEBT.  ALL INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

# EXHIBIT B

transaction. For inquiries please call our Customer Service Department on this statement. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day you make your payment, and you will not receive your check back from your financial institution.

# Relin, Goldstein & Crane, LLP

Attorneys at Law
28 East Main Street, Suite 1800
Rochester, New York 14614
(585) 325-6202
toll free: (800) 203-9552
fax: (585) 325-6201

Mark K. Broyles
Joseph M. Shur
David P. Case
Adam J. Karns
V.S. Vilkhu

September 17, 2010

Robert Gonzalez
5 Fairview Road
Beacon, New York 12508

RE: **Chase Bank USA, N.A.**
Principal Amount Due $ 3,667.77  Account # 4104140011608578

The firm of Relin, Goldstein & Crane, LLP is a law partnership representing financial institutions in the area of creditors' rights in New York. In this regard, this office represents Chase Bank USA, N.A., who has placed this matter, for collection and such action as necessary to protect our client.

At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. However, if you fail to contact this office, our client may consider additional remedies to recover the balance due.

If you have any questions regarding this matter, please contact this office toll free at 800-203-9552 between the hours of 8:00 A.M. and 5:00 P.M. Monday through Friday.

Very truly yours,

RELIN, GOLDSTEIN & CRANE, LLP

## CONSUMER NOTICE PURSUANT TO 15 U.S.C. SECTION 1692 (G)

You are hereby given notice of the following information concerning the above-referenced debt.

1. Unless, within 30 days after receipt of this notice you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the creditor and by this firm.

2. If you notify us in writing within said 30 days that the debt, or any portion thereof is disputed, we will obtain verification of the debt, or a copy of any judgment against you, and we will mail such verification to you.

3. In addition, upon your written request within said 30 days, this firm will provide the name and address of the original creditor if the original creditor is different from the current creditor.

4. This Firm is attempting to collect a debt on behalf of the creditor and any information obtained will be used for that purpose.

**YOUR RIGHTS UNDER FEDERAL LAW TO REQUEST VERIFICATION OF YOUR OBLIGATION TO OUR CLIENT WITHIN 30 DAYS MUST BE ASSERTED IN WRITING AND IS NOT AFFECTED BY OUR REQUEST THAT YOU CONTACT OUR OFFICE BY TELEPHONE.**