UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

**ROBERT GONZALEZ**, on behalf of himself and all
others similarly situated,

*Plaintiff*,

*vs.*

**RELIN GOLDSTEIN & CRANE, LLP**,

*Defendant*.

**ANSWER TO AMENDED
COMPLAINT**

**Civil Action No.
12-civ-0783**

Judge Ramos

---

Defendant Relin, Goldstein & Crane, LLP ("Defendant"), by and through its attorneys, Hiscock &

Barclay, LLP, for its Answer to the plaintiff's Amended Complaint, dated February 10, 2012

("complaint") states as follows:

1.      Denies the allegations contained in paragraph 1 of the complaint suggesting that the

defendants engaged in any unlawful practices or in any way violated the Fair Debt Collection Practices

Act, 15 U.S.C. sec. 1692 et. seq.  ("FDCPA"), and otherwise refers to the document referenced therein for

its content.

2.      With respect to the allegations contained in paragraph 2 of the complaint, refers to the

sections of the FDCPA referenced therein for their content and meaning and otherwise denies allegations

therein as calling for legal conclusion.

3.      Admits the allegations contained in paragraph 3 of the complaint.

4.      Admits the allegations contained in paragraph 4 of the complaint.

5.      Denies knowledge or information sufficient to form a belief as to the allegations contained

in paragraph 5 of the complaint.

6.      Admits the allegations contained in paragraph 6 of the complaint.

HISCOCK & BARCLAY, LLP

7.      Admits the allegations contained in paragraph 7 of the complaint that Defendant is a law firm, and denies the remaining allegations contained therein as calling for legal conclusion.

8.      Admits the allegations contained in paragraph 8 of the complaint and refers to the document referenced therein for its content.

9.      Denies the allegations contained in paragraph 9 of the complaint as calling for legal conclusion.

10.     Admits the allegations contained in paragraph 10 of the complaint and refers to the document referenced therein for its content.

11.     With respect to the allegations contained in paragraph 11 of the complaint, refers to the document referenced therein which speaks for itself.

12.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 12 of the complaint, in particular with respect to the definition of a "standard form document."

13.     Admits the allegations contained in paragraph 13 of the complaint that letters similar to that contained in Exhibit A to the complaint were sent to other individuals.

14.     Admits the allegations contained in paragraph 14 of the complaint.

15.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15 of the complaint, in particular with respect to what is meant by "regularly sent," but states that Exhibit A was sent in an attempt to collect a debt.

16.     With respect to paragraph 16 of the complaint, refers to the document referenced therein for its content.

17.     Denies the allegations contained in paragraph 17 of the complaint.

18.     Denies the allegations contained in paragraph 18 of the complaint.

2

6018563.1

19.     Denies the allegations contained in paragraph 19 of the complaint.

20.     Denies the allegations contained in paragraph 20 of the complaint.

21.     Denies the allegations contained in paragraph 21 of the complaint.

22.     Denies the allegations contained in paragraph 22 of the complaint.

23.     Denies the allegations contained in paragraph 23 of the complaint.

24.     Denies the allegations contained in paragraph 24 of the complaint.

25.     With respect to the allegations contained in paragraph 25 of the complaint, refers to the complaint referenced therein for its content, but denies that Plaintiff is entitled to the relief sought therein.

26.     With respect to the allegations contained in paragraph 26 of the complaint, refers to the complaint referenced therein for its content, but denies that Plaintiff is entitled to the relief sought therein.

27.     Denies the allegations contained in paragraph 27 of the complaint as calling for legal conclusion, and otherwise denies the allegations therein.

28.     Denies the allegations contained in paragraph 28 of the complaint as calling for legal conclusion, and otherwise denies the allegations therein.

29.     Denies the allegations contained in paragraph 29 of the complaint as calling for legal conclusion, and otherwise denies the allegations therein.

30.     Denies the allegations contained in paragraph 30 of the complaint as calling for legal conclusion, and otherwise denies the allegations therein.

31.     Denies the allegations contained in paragraph 31 of the complaint as calling for legal conclusion, and otherwise denies the allegations therein.

32.     Denies each and every other allegation contained in the amended complaint not specifically admitted, denied, or otherwise controverted above.

6018563.1

HISCOCK & BARCLAY, LLP

## FIRST AFFIRMATIVE DEFENSE

33.     Plaintiff's complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

34.     Plaintiff is barred from maintaining the claims contained in his complaint and/or recovering damages by the doctrines of laches and/or estoppel.

## THIRD AFFIRMATIVE DEFENSE

35.     Defendant denies any wrongdoing or violation of the FDCPA whatsoever on its part, but if any violations of FDCPA occurred as alleged by plaintiff's complaint such violations were not intentional and resulted from a *bona fide* error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## FOURTH AFFIRMATIVE DEFENSE

36.     No action or inaction on the part of Defendant, or its employees, agents and/or representatives, were an actual, proximate, or legal cause of any of plaintiff's alleged damages or injuries, or any damages or injury to any members of the class sought to be formed by plaintiff's complaint.

## FIFTH AFFIRMATIVE DEFENSE

37.     If plaintiff, and/or any members of the class sought to be formed by plaintiff, sustained any injuries or damages as alleged in the complaint, such injuries or damages were the result of conduct or actions on the part of persons over whom Defendant possessed no control and/or had no right to control.

## SIXTH AFFIRMATIVE DEFENSE

38.     If plaintiff, and/or any members of the class sought to be formed by plaintiff, sustained any injuries or damages as alleged in the complaint, such injuries or damages have a *de minimus* value.

HISCOCK & BARCLAY, LLP

4

6018563.1

5

## SEVENTH AFFIRMATIVE DEFENSE

39.    Defendant reserves the right to add any affirmative defenses which they deem necessary to their defense during or upon conclusion of investigation and discovery.

**WHEREFORE,** Relin Goldstein demands judgment:

1.    Dismissing the complaint in its entirety;

2.    Such other and further relief as this Court deems proper.


**DATED:**    March 27, 2012            **HISCOCK & BARCLAY, LLP**


By:  /s/   Dennis R. McCoy
        Dennis R. McCoy

*Attorneys for Defendant*
*Relin, Goldstein & Crane, LLP*
1100 M & T Center
Three Fountain Plaza
Buffalo, New York 14203-1414
(716) 566-1300
dmccoy@hblaw.com

HISCOCK & BARCLAY, LLP

6018563.1