UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ROBERT GONZALEZ, on behalf of himself and
all others similarly situated,                                    Case No.: 12-cv-0783 (ER) (LMS)

                    Plaintiff,

        v.


RELIN GOLDSTEIN & CRANE, LLP

                    Defendant.
-----------------------------------------------------------X

**MEMORANDUM OF LAW**

**I. MOTION TO CONDITIONALLY CERTIFY CLASS**

**A. Nature of the Case**

      Plaintiff is a consumer allegedly delinquent and owing on a consumer debt. Relin,

Goldstein & Crane, LLP ("Relin") is a limited liability partnership law firm that attempted to

collect a debt from plaintiff. Plaintiff contends that in attempting to collect the debt from him and

the Class he seeks to represent, Relin mailed a collection letter that violated the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692 et seq.("FDCPA"). Relin denies plaintiff's allegations

and asserts, *inter alia*, that any alleged violation, if it was a violation, was unintentional and

resulted from a *bona fide* error, notwithstanding the maintenance of procedures reasonably

formulated to avoid the violation.

      Defendant joins in the request for certification solely for settlement purposes. In the event

that the settlement is not approved or as may otherwise be provided in the Settlement Agreement,

the parties stipulate that the certification order will be set aside and neither this motion nor the

settlement agreement will in any way prejudice Defendant's rights to contest certification on any legal or equitable grounds.

As set forth in the Class Action Settlement Agreement filed herewith, the proposed settlement class consists of:

(a) all individuals (b) with a New York address (c) who were sent a letter in the form represented by Exhibit A to the complaint which showed that Chase Bank USA, N.A. is the creditor (d) when interest was not accruing on their account (e) and the letter nevertheless said that "interest is accruing on this debt" (f) between January 31st 2011 and February 20th 2012.

The Settlement agreed to by the Parties is summarized as follows:

Defendants agree to provide the following relief to Plaintiff and the Class:

A. Defendants shall pay to Neighborhood Economic Development Advocacy Project, through Plaintiff's counsel, as a *cy pres* distribution on behalf of the Class, the total sum of $1,500, which is approximately $600 more than 1% of Relin's net worth, the maximum amount of damages allowed in an FDCPA class action under 15 U.S.C. §1692K(a)(2)(B).

B. Defendants will pay Plaintiff $1,000, the maximum damages available to an individual in the case of a class action under the FDCPA.

C. Class Counsel for plaintiff shall be responsible for, and shall bear the costs of the class notice which shall be done by first class mail.

D. Subject to approval of the Court, Defendants have agreed to pay to Class Counsel attorney's fees and expenses not to exceed $15,000.

## B. The Settlement Class Meets the Requirements of Rule 23(a)

Rule 23 of the Federal Rules of Civil Procedure governs the certification of class actions. One or more members of a class may sue or be sued as representative parties on behalf of a class if: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. The proposed settlement meets the requirements for class certification under Rule 23:

1. Numerosity

Rule 23(a)(1) requires that the class be so numerous that joinder of all members is impracticable. There are 917 potential Class Members, easily satisfying this requirement. *Consolidated Rail Corp. v. Town of Hyde Park*, 47 F.3d 473 (2d Cir. 1995) (when the class comprises 40 or more members, the numerosity requirement is satisfied).

2. Commonality

The commonality requirement of Rule 23(a)(2) is met if plaintiffs' grievances share a common question of law or of fact. *Marisol A. by Forbes v. Giuliani*, 126 F.3d 372 (2nd Cir. 1997).

Plaintiff contends that there are common questions of law or fact affecting the class, and that these questions include but are not limited to:

a. whether Defendants violated the FDCPA;

b. whether Plaintiff and the other Class Members are entitled to recover statutory damages and, if so, in what amount; and

c. whether Plaintiff and the other Class Members are entitled to recover attorney's fees and, if so, in what amount.

3. Typicality

"Rule 23(a)(3)'s typicality requirement is satisfied when each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability. When it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective of minor variations in the fact patterns underlying individual claims." *Robidoux v. Celani*, 987 F.2d 931 (2nd Cir. 1993). For purposes of this settlement, the Parties stipulate that Plaintiff's claims are typical of the claims of the class. Plaintiff alleges that he and the absent Class Members were sent a letter which contained a false statement. Namely, that interest was accruing on his account when it wasn't.

Plaintiff contends that the letter violated the FDCPA.

4. Adequacy of Representation

Adequacy of representation consists of two prongs: (1) that the representative party's attorneys are qualified, experienced and generally able to conduct the litigation; and (2) that the suit is not collusive and plaintiff's interest is not antagonistic to the class.

The adequacy of the class plaintiff inquiry serves to uncover conflicts of interest between named parties and the class they seek to represent. A class representative must be part of the class and possess the same interest and suffer the same injury as the class members. *Amchem Prods. v. Windsor*, 521 U.S. 591 (1997). "Plaintiffs must also have attorneys who are "qualified, experienced, and generally able to conduct the litigation." *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992).

The parties maintain that the plaintiff has no conflicts of interest with the class members and the interests of named plaintiffs are commensurate with those of the class members. The parties do not foresee a conflict between named plaintiffs and the remainder of the class. Further, plaintiffs' counsel is experienced and knowledgeable in this area of law as he devotes his entire practice to consumer law and consumer class actions and is able to protect the interests of members of the class properly. Therefore, the Court should find that the plaintiff and his chosen counsel can adequately represent the interests of the class members.

## C. The Proposed Class Meets the Requirements of Rule 23(b)(3)

Pursuant to Rule 23 an action may be maintained as a class action if the four elements described above are satisfied, and in addition, the Court finds, pursuant to Rule 23(b)(3), that the prosecution of separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which

would establish incompatible standards of conduct for Defendants, or that questions of law or fact common to the members of the class predominate over any questions affecting only individual members and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Plaintiff alleges that the causes of action forming the basis of the class claims in this case are such that the prosecution of separate actions by individual members of the class would create the risk of establishing incompatible standards of conduct for Defendants.

Additionally, the Parties agree for purposes of this settlement that the questions of law and fact common to the members of the class predominate over any questions affecting only individual members and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy in this case because a class action resolution of the issues described above outweighs the difficulties in management of the class as separate claimants. A class action is the superior method of resolving large scale claims if it will achieve economies of time, effort and expenses, as well as promote uniformity of decision as to persons similarly situated. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 615-617 (1997).

The Parties agree that the requirements for class certification under Rule 23 have been met for the sole purpose of effectuating settlement of this disputed claim. Nothing in regard to the settlement of this disputed claim shall be construed as an admission that Plaintiff has satisfied the substantive requirements of Rule 23. The treatment of this matter as a class for purposes of settling this disputed claim shall not be admissible to support class certification in any other matter.

**D. Class Type**

Plaintiff and Defendants ask the Court to certify an "opt out" class. Class members may seek to be excluded from the Agreement and the lawsuit by opting out of the settlement class within a time period, proposed by the Parties here, at least thirty-five (35) days after the Notice process has been completed, and as approved by the Court. Any Class member who opts out of the settlement class shall not be bound by the terms of the settlement.

**E. Joint Motion**

In light of, and subject to the approval of the settlement agreement attached hereto as Exhibit A, Plaintiff and Defendants jointly move that the Court certify Plaintiff as class representatives and Plaintiff's attorneys as class counsel. In the event that the proposed settlement is not approved, however, the Parties agree that any agreement to certify this Class for settlement purposes shall be null and void and the Parties shall return to their respective positions at the time this Joint Application is submitted to the Court for approval.

The Parties have agreed that any failure of the Court to approve the settlement shall not operate as a waiver of the claims or defenses of any of the parties on the issue of certification at any such contested hearing. They have further agreed that certification of the class is conditioned upon:

(a) The accuracy of the representations and warranties contained in the Settlement Agreement;

(b) Performance by the parties of their respective obligations under the Settlement Agreement in all material respects prior to the Consummation Date (as defined in the Settlement Agreement);

(c) Entry of a final order releasing on behalf of Plaintiff and the Class, all of the Released Claims as defined in the Settlement Agreement; and

(d) Receipt by the parties of all documents reasonably required to implement the Settlement Agreement.

In the event that any one of the foregoing conditions is not met as required by the Settlement Agreement, Plaintiff and Defendant agree that any agreement to certify this Class for settlement purposes shall be null and void and the Parties shall return to their respective positions at the time this Joint Application is submitted to the Court for approval. A proposed Order for Preliminary Approval is attached to the Settlement Agreement as Exhibit B.

## II. MOTION TO APPROVE SETTLEMENT

### A. THE PROPOSED SETTLEMENT MERITS PRELIMINARY APPROVAL

#### 1.Standard for Preliminary Approval of Settlement Agreements.

Rule 23(e)(i)(C) provides: "The court may approve a settlement, voluntary dismissal or compromise that would bind class members only after a hearing and on finding that the settlement, voluntary dismissal or compromise is fair, reasonable and adequate." *The Manual for Complex Litigation*, Fourth § 21.632 (2004), sets forth the procedures for preliminary approval of settlements: "The judge must make a preliminary determination on the fairness, reasonableness and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing."

At the preliminary approval stage, the question for the Court is whether the settlement falls within the "range of possible approval," and is sufficiently fair, reasonable and adequate to warrant notice apprising class members of the proposed settlement and to establish procedures for a final settlement hearing under Rule 23(e). Preliminary approval of a class action settlement, in contrast to final approval, is at most a determination that there is what might be termed "probable cause" to submit the proposal to class members and hold a full-scale hearing as to its fairness. *Davis v. J.P. Morgan Chase & Co.*, 775 F. Supp. 2d 601 (W.D.N.Y. 2011).

Preliminary approval of a settlement and provisional certification of a settlement class is appropriate if the settlement "falls within the range of possible approval," thereby justifying notice to the proposed class. *In re NASDAQ Market-Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997); *see also In re Bromine Antitrust Litigation,* 203 F.R.D. 403, 416 (S.D. Ind. 2001) (same); *In re Holocaust Victim Assets Litigation*, 105 F.Supp. 2d 139, 144 (E.D.N.Y. 2000) (preliminary approval and class certification allowed for implementation of second step in settlement evaluation process – dissemination of notice). As one court has explained:

In considering preliminary approval, courts make a preliminary evaluation of the fairness of the settlement, prior to notice. Where the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval, preliminary approval is granted. *In re NASDAQ Market-Makers Antitrust Litig.*, 176 F.R.D. at 102 (citing the Manual for Complex Litigation, 3d, Section 30.41).

The *Manual for Complex Litigation, 3d*, characterizes preliminary approval as an "initial assessment" of the fairness of the proposed settlement made by the Court on the basis of written

submissions and informal presentation from the settling parties. The *Manual, 3d* summarizes the preliminary approval criteria as follows:

> If the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness or other obvious deficiencies, such as unduly preferential treatment of class representatives or of segments of the class, or excessive compensation for attorneys, and appears to fall within the range of possible approval, the court should direct that notice under Rule 23(e) be given to the class members of a formal fairness hearing, at which arguments and evidence may be presented in support of and in opposition to the settlement. *Manual, 3d, supra*, 30.41, p. 237.

The purpose of the preliminary approval process is to determine whether the proposed settlement is within the range of reasonableness and thus whether notice to the class of the terms and conditions and the scheduling of a formal fairness hearing is worthwhile. 1 *Newberg on Class Actions* § 11:25 (4th ed.) ("Preliminary Court Approval"); *Liebman v. J.W. Petersen Coal & Oil Co.*, 73 F.R.D. 531 (N.D. Ill. 1973).

**B. The Settlement is Fair and Reasonable**

The parties have agreed in principle to a settlement of this suit on a class-wide basis. The essential terms of the settlement are set out in the Settlement Agreement attached hereto as *Exhibit A*. The Settlement Agreement provides that the Court will certify Plaintiff as the class representative and Plaintiff's attorneys as class counsel. The Settlement is fair, reasonable, and adequate in light of the relevant facts, the applicable law, and the potential value of the settlement to the Class.

Subject to the terms of the Settlement Agreement, Defendant agrees to provide the following relief to Plaintiff and the Class:

A. Defendant shall pay to Neighborhood Economic Development Advocacy Project as a *cy pres* distribution on behalf of the Class the total sum of $1,500. One percent (1%) of Relin's net worth, the maximum amount of damages allowed in an FDCPA class action under 15 U.S.C. § 1692k(a)(2)(B), is less than $900. Thus, the proposed settlement is in excess of what the Class could recover.

B. Defendant will pay named Plaintiff, Robert Gonzalez $1,000 which is the maximum statutory damages available under the FDCPA.

C. Plaintiff's counsel shall be responsible for the Class Notice and shall bear the costs of notice by first class mail.

D. Subject to approval of the Court, Defendant shall pay the reasonable fees and expenses of Plaintiff's attorneys in an amount not to exceed $15,000.

The proposed settlement satisfies the standards summarized above for preliminary approval of a settlement in the *Manual for Complex Litigation*.

First, the settlement will provide more than the maximum amount of damages that could ever be recovered from Relin, even if Plaintiff prevailed at trial (i.e., 1% of Relin's net worth, as capped by 15 U.S.C. § 1692k(a)(2)(B)). Thus, because the total amount of damages that could

have been obtained at trial against Relin is obtained in this settlement, the settlement is fair and reasonable.

Second, this settlement was reached after arms-length negotiations between the Parties. Class Counsel is an attorney who is able to evaluate the proposed Settlement Agreement on behalf of the Class Members. There is a presumption that a proposed settlement is fair and reasonable when it was the result of arms length negotiations. *See 4 Newberg On Class Actions*, § 11.41 at 90 (4th Ed. 2002). The court must look at the negotiating process leading to settlement in order to ensure that the compromise is the result of arms-length negotiations and that plaintiff's counsel possessed the ability necessary to effectively represent the class's interests. *Weinberger v. Kendrick*, 698 F.2d 61, 74 (2d Cir. 1983). Here, Plaintiff's counsel recognized that while they may be able to establish liability at trial against Relin, the cap on damages established under the FDCPA effectively prevents them from recovering any more than what Defendant has agreed to pay in this settlement. Experienced counsel, negotiating at arm's length, have weighed these factors and endorse the settlement, as evidenced by the submission of this Joint Application. As courts have stated, the view of the attorneys actively conducting the litigation, while not conclusive, "is entitled to significant weight." *Fisher Bros. v. Cambridge-Lee Industries, Inc*. 630 F. Supp. 482, 488 (E.D. Pa. 1985); *Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980) ("the fact that experienced counsel involved in the case approved the settlement after hard-fought negotiations is entitled to considerable weight").

The parties are mindful that the proposed settlement will not result in the payment of any sums to individual members of the Class other than the Plaintiff. Under 15 U.S.C. § 1692k(a)(2)(B), however, the amount recoverable by a class cannot exceed the lesser of

$500,000 or 1 per centum of the net worth of the debt collector. Given the size of the class (917

persons) and Relin's net worth of $82,877, the most that could be distributed to any individual

Class Member in a recovery from Relin would be approximately 90 cents, a *de minimis* recovery

that would make distribution to individual Class Members impracticable. Accordingly, the

parties propose to pay over the maximum recoverable against Relin-- a total of $1,500 -- to the

Neighborhood Economic Development Advocacy Project as a cy pres distribution for the

indirect benefit of the class. *Reade-Alvarez v. Eltman, Eltman, & Cooper, P.C.*, 2006 WL

3681138 (E.D.N.Y December 11, 2006) ("defendants have agreed to furnish a cy pres payment

of $15,000 as the portion of the settlement payable to the class. Were the case to proceed to trial,

the distribution to the class could not exceed $10,000, representing 1% of EEC's net worth of

$1,000,000. With a class of over 45,000 persons, this recovery would be de minimis"); *see also*

*Six (6) Mexican Mine Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1305 (9th Cir.1990)

(noting that "[f]ederal courts have frequently approved [the cy pres] remedy in the settlement of

class actions where the proof of individual claims would be burdensome or the distribution of

damages costly").


## C. The Proposed Notice Satisfies Due Process And Should Be Approved.

Notice to the class must be given to satisfy due process requirements. *Phillips Petroleum*

*v. Shutts*, 474 U.S. 797, 812-813, (1985); *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S.

306, 314 (1950) (the notice to class members must be "reasonably calculated, under all the

circumstances, to apprise interested parties of the pendency of the action and afford them an

opportunity to present their objections.") Rule 23(B)(2)(B) requires that the notice meet certain

requirements:

**(B)** For any class certified under Rule 23(b)(3), the court must direct to class members the best

notice practicable under the circumstances, including individual notice to all members who can

be identified through reasonable effort. The notice must concisely and clearly state in plain,

easily understood language:

• the nature of the action,

• the definition of the class certified,

• the class claims, issues, or defenses,

• that a class member may enter an appearance through counsel if the member so desires,

• that the court will exclude from the class any member who requests exclusion, stating when and

how members may elect to be excluded, and

• the binding effect of a class judgment on class members under Rule 23(c)(3).

 

Furthermore, the notice need not be designed to give every class member notice but only

be a reasonable attempt to apprise the members of the class of the settlement. As set forth in

*Newberg on Class Actions*, the nature and extent of Rule 23(e) class notice of a proposed

settlement are left to the discretion of the trial court judge. Rule 23(e) notice is designed to be

only a summary of the litigation and the settlement and it is crucial to apprise class members of

the right and opportunity to inspect the complete settlement documents, papers, and pleadings

filed in the litigation. The notice need not be unduly specific. The notice of the Proposed

Settlement, to satisfy both Rule 23(e) requirements and constitutional due process protections,

need only be reasonably calculated, under all of the circumstances, to apprise interested parties

of the pendency of the settlement proposed and to afford them an opportunity to present their

objections. Thus, due process does not require actual notice, but rather a good faith effort to provide actual notice. Courts have consistently recognized that due process does not require that every class member receive actual notice so long as the court reasonably selected a means likely to apprize interested parties. *7 Newberg on Class Actions* § 22:91 (4th ed.)

A copy of the proposed Class Notice is attached to the Settlement Agreement as ***Exhibit C***. The parties propose that a letter be sent via first class mail to each class member. The notice is written in plain English and includes: (1) a description of the settlement class; (2) a description of the proposed settlement; (3) the names of counsel for the settlement class; (4) the final approval hearing date; (5) a statement of the deadlines for filing objections to the settlement and for filing a request for exclusion; (6) the consequences of being excluded from the settlement class; (7) the consequences of remaining in the settlement class; (8) a statement of the Defendants' responsibility for the fees and expenses of class counsel; and (9) how to obtain further information.

The Notice provides Class Members with sufficient information to make an informed decision to object to any aspect of the proposed Settlement or opt out. Individual notice is being done by the optimal method of first class mail and plaintiff's counsel will bear the expense of such notice. Relin has provided the names and addresses of the individual Class Members, at least to the extent they were accurate during the time the allegedly violative letter at issue in this action was sent to the Class Members and to the extent they are still accurate. Even though notice by publication would be available because the law requires only the "best notice practicable" under the circumstances of the case and the estimated cost of notifying the Class Members by mail is likely to exceed the class recovery, nevertheless, plaintiff's counsel will provide individual notice to each Class Member.

**D. Final Order**

At the Final Approval Hearing, the Parties will present a proposed final order giving effect to the Settlement and dismissing without prejudice all claims of any purported Class Members who have requested exclusion from the class. A copy of that proposed order is attached to the Settlement Agreement as Exhibit D.

**E. Release**

Upon confirmation of the settlement at the Final Approval Hearing, the proposed final order will release Defendant of all liability to the Class for the Released Claims described in the Settlement Agreement and Class Notice and will enjoin Class Members from pursuing or filing suit upon the Released Claims.

**III. PROPOSED SCHEDULE FOR CLASS NOTICE AND HEARING**

The following is the proposed schedule for Class Notice and Hearing, as detailed in the proposed Order submitted herewith:

| Date | Event |
| --- | --- |
| July 25, 2012 | Hearing on Preliminary Approval of Settlement (if necessary) |
| September 12, 2012 | Mailing of Class Notice |
| October 25, 2012 | Last day to file Motion for Attorneys' Fees and Costs |

October 25, 2012      Last day to file opt-outs, objections, intervention

November 9, 2012     Last day to file Motion for Final Approval

December 14, 2012   Final Approval Hearing

December 14, 2012   Hearing on Fee Motion (if necessary)


## IV. CONCLUSION


For the foregoing reasons, Plaintiff and Defendant jointly request that the Court grant the

following relief as set forth in the proposed Order for Preliminary Approval, attached hereto as

Exhibit B:

1. Preliminarily certify the Class for settlement purposes as set forth in the proposed Settlement

Agreement;

2. Order that Plaintiff may act as representative of the Class and that Plaintiff's attorneys may act

as counsel for the Class;

3. Authorize the form and mailing of the Notice (Exhibit C);

4. Set a final approval hearing to determine whether the settlement is fair, adequate, and

reasonable; and

5. At such hearing approve the Settlement and grant final judgment.


Dated: 6/28/2012, New York, NY


The Law Offices of Shimshon Wexler, PC
2710 Broadway, 2FL
New York, NY 10025
(212)760-2400
(917)512-6132 (fax)

By_/s/ Shimshon Wexler____
shimshonwexler@yahoo.com
*Attorney for Plaintiff*


Hiscock & Barclay LLP
1100 M&T Center
3 Fountain Plaza
Buffalo, New York 14203
(716)566-1560
(716)566-4014 (fax)

By: /s/ Dennis R. McCoy____
dmccoy@hblaw.com
*Attorneys for Defendant*