UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ROBERT GONZALEZ, on behalf of himself
And all other similarly situated

                Plaintiff,                Case No.: 12-cv-783 (ER)

v.

RELIN GOLDSTEIN & CRANE, LLP

                Defendant.
-------------------------------------------------------X

## DECLARATION OF SHIMSHON WEXLER IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

Shimshon Wexler, declares under the penalty of perjury that the following is true and correct:

1.    I am the Attorney for Plaintiff for the above entitled action which was brought under the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. 1692 *et seq*. I submit this Declaration is support of Plaintiff's application for attorney's fees and costs. This declaration is based upon personal knowledge, except as otherwise noted.

2.    I have a solo practice which is located in the Morningside Heights section of Manhattan.

3.    This complaint in this case was filed on January 31st 2012. An amended complaint in this action was filed on February 17th 2012. The Defendant filed its answer to the complaint on March 27th 2012. Prior to and subsequent to the Defendant filing its Answer, the parties engaged in settlement discussions. Liability as well as class issues were discussed.

4. Information concerning the number of class members was provided by the Defendant. Defendant's net worth was then provided. The net worth of the Defendant is integral to a determination as to the amount of damages available to the class because the FDCPA caps available statutory damages at 1% of the defendant's net worth or $500,000 whichever is *less*.

5. The parties then agreed to settle the matter for twice the maximum damages which are available for a class under the FDCPA. While plaintiff's counsel was mindful that checks were not going to be issued to individual class members, it did not make economic sense to send each class member a $1.50 check. Instead, a cy pres award was to be given to the Neighborhood Economic Development Advocacy Project ("NEDAP"). Further, each class member was to be given individual notice sent by first class mail giving them the right to opt out or exclude themselves from this settlement thereby giving them the right to bring an individual suit. It was also agreed that the named plaintiff was to receive his maximum statutory damages of $1,000.

6. The parties then agreed that reasonable attorney's fees and costs for plaintiff's counsel would be $15,000.00 subject to the approval of Judge Ramos.

7. On June 28th, 2012, plaintiff's counsel filed a joint motion for class certification along with a supporting memorandum of law and other supporting documents.

8. On July 25th, 2012, the Court held a conference and orally ruled approving the parties joint motion by conditionally certifying the class for settlement purposes, preliminarily

approving of the settlement agreement and approving of the proposed notice and method of notification.

9. On September 4th, 2012 notice was sent to each class member by first class mail. Plaintiff's counsel spoke with a few class members asking questions about the notice that was sent to them. Plaintiff's counsel explained what the notice was and the reason for it. Plaintiff's counsel also explained their rights with regard to this settlement. As of this date, no class members have objected to the settlement and no class members have requested to be excluded from this settlement.

<u>Plaintiff's Counsel's Qualifications</u>

4. I graduated New York Law School in May of 2009 and I was admitted to practice law in New York in January of 2010.

5. I worked as a law clerk and then as an associate attorney at the law firm of Herzfeld & Rubin, PC from June 2008 through August 2010 and ever since have had a solo practice. At Herzfeld & Rubin, I was involved with consumer class actions and other complex litigation. I regularly consult with Herzfeld & Rubin where my father is a partner.

6. I am currently licensed, in good standing, to practice law in the State of New York and admitted to the United States District Courts for the Southern, Eastern, Northern and Western

Districts of New York, the Northern District of Florida as well as the United States Court of Appeals for the Second Circuit.

### Counsel's Rate and Time are Reasonable

7. I am a sole practitioner and my office is not inexpensive to maintain.

8. In this district, a rate of $300 per hour is a reasonable rate for FDCPA cases for an attorney of my skill and reputation.

9. Contemporaneous records relating to the billable and necessary time spent working on this case reflect 72 hours of work. This does not include the time necessary in the preparation of this fee motion, the time that will be spent addressing any remaining tasks to be done with regard to this case and does not reflect the time that was spent by my secretary in addressing envelopes to send to the class members. 72 billable hours at $300 per hour is $21,600. However, Plaintiff's counsel has agreed to limit his attorney's fees and costs to $15,000.

10. The costs associated with this case are the process server bill of $60 and the filing fee of $350 for a total of $410. There were additional expenses associated with class administration. However, as stated above, Plaintiff's counsel has agreed to limit his attorney's fees and costs to $15,000.

I declare under the penalties of perjury that the foregoing is true and correct.

Dated: October 15, 2012
       New York, NY

                                      Respectfully Submitted,

                                      _____
                                      Shimshon Wexler