UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ROBERT GONZALEZ, on behalf of himself and
all others similarly situated,                                    Case No.: 12-cv-0783 (ER)(LMS)

                Plaintiff,

       v.

RELIN GOLDSTEIN & CRANE, LLP

                Defendant.
-----------------------------------------------------------X

## [PROPOSED] ORDER AND FINAL JUDGMENT

1. On July 25th, 2012, this Court preliminarily approved the Class Action Settlement Agreement ("Settlement Agreement") reached between Plaintiff Robert Gonzalez and Defendant Relin, Goldstein & Crane, LLP. The Settlement Agreement was submitted to the Court as an exhibit to the Joint Motion for Preliminary Approval on June 28, 2012. The definitions and terms set forth in the Settlement Agreement are hereby incorporated in this Final Order and Judgment. At the Preliminary Approval hearing, the Court approved a form of notice for dissemination to the Class. Plaintiff has filed a declaration with the Court stating the Notice of Class Action Settlement (the "Class Notice") was disseminated as ordered by the Court in the Preliminary Approval Order. The Court is informed through that declaration that the dissemination occurred on September 4th, 2012.

2. Any Member of the Settlement Class may have chosen to be excluded from the Settlement and from the Settlement Class by opting out of the Settlement Class provided they did so according to the class action settlement agreement in this case. Any Member of the Class had the opportunity, as outlined in the settlement agreement, to appear, in person or through counsel (at

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/1/2013

their own expense), at the Fairness Hearing on December 14th, 2012 and be heard in support of or in opposition to the fairness, reasonableness and adequacy of the proposed Settlement, award of counsel fees, reimbursement of costs and expenses.

3. Pursuant to the Notice of Filing of Notice of Class Settlement by Defendant Relin, Goldstein & Crane, LLP pursuant to 28 U.S.C. §1715, filed by Defendant in this matter, notice of the class settlement was sent with accompanying exhibits on July 2nd, 2012, to the appropriate persons required by section 1715.

4. Solely for the purpose of settlement and pursuant to Fed. R. Civ. P. 23(a) and (b)(3), this court certifies the Class that it approved in the Preliminary Approval Order, as follows:

(a) all individuals (b) with a New York address (c) who were sent a letter in the form represented by Exhibit A to the complaint which showed that Chase Bank USA, N.A. is the creditor (d) when interest was not accruing on their account (e) and the letter nevertheless said that "interest is accruing on this debt" (f) between January 31st 2011 and February 20th 2012.
If for any reason the events in paragraph 16 of this Order occur, then (a) this final approval of the Class shall be null and void, and shall not be used or referred to for any purpose in this Litigation or any other action or proceedings, and (b) all *status quo ante* rights of the parties, including (i) Plaintiff's right to seek certification of this action as a class action and Defendant's right to oppose certification, and (ii) the parties' rights to assert all other defenses, rights, and positions, shall in all respects be unaffected and preserved.

5. On December 14th, 2012 at 2:15pm, the Court held a Final Approval Hearing to which Class Members, including any with objections, were invited. No Class Members, or their counsel, appeared in person at the Final Approval Hearing to offer argument about the settlement. No

appropriate state or federal officials, as those terms are defined in 28 U.S.C. §1715 appeared at the Final Approval Hearing.

6. The Court finds that the provisions for notice to the Class satisfy the requirements of Fed. R. Civ. P. 23 and due process. The Court has determined that, as to the Class, the Litigation meets all the prerequisites of Rule 23(a) of the Federal Rules of Civil Procedure, and that Plaintiff and Class Counsel are adequate representatives of the Class.

7. No objections to the settlement were filed, timely or otherwise. No Class Members filed requests for exclusion. The Class Members who did not timely request exclusion are bound by this Final Order and Judgment and by the Settlement Agreement, including the releases provided for in this Final Order and Judgment and pursuant to the Settlement Agreement. The Court grants the parties' joint request for final approval of the Settlement Agreement. The Court finds that the terms of the Settlement Agreement are fair, reasonable, and adequate to Plaintiff and all Class Members. In addition to the other factors stated herein, the Court finds the Settlement Agreement to be fair, adequate and reasonable in light of the risk of establishing liability and damages, and the expense of further litigation.

8. In certifying this action as a class action for purposes of this settlement, the Court found and finds that: (1) the members of the Class are so numerous that joinder of all Class Members in this action is impracticable; (2) there are questions of law and fact common to the members of the Class; (3) the claims of the representative plaintiff are typical of the claims or defenses of the Class; (4) the representative plaintiff and his counsel have fairly and adequately protected the interests of the Class; (5) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; (6) a class action was and is superior to other available methods for the fair and efficient adjudication of the

controversy, considering, *inter alia*, (a) the interest of members of the Class in individually controlling the prosecution of separate actions, (b) the extent and nature of any litigation concerning the controversy already commenced by members of the Class, (c) the desirability or undesirability of prosecuting the litigation of these claims in this particular forum, and (d) the difficulties likely to be encountered in the management of the class action.

9. The Court finds that the settlement is fair and reasonable, and hereby approves the Settlement Agreement submitted by the parties, including the release, and orders:

A. Defendants shall pay to the Neighborhood Economic Development Advocacy Project, through Plaintiff's counsel, as a *cy pres* distribution on behalf of the Class, the total sum of $1,500.00.

B. Defendant shall pay Plaintiff, through Plaintiff's counsel $1,000 for his statutory damages.

C. The Court hereby approves an award of $15,000.00 to Plaintiff's counsel as attorneys' fees and costs for his efforts in litigating this case. Defendant shall pay those attorney's fees and costs in the time period as set forth within the Settlement Agreement.

12 Plaintiff and the members of the Class grant Defendant (as defined in the Settlement Agreement) the following release, which is also set forth in the Settlement Agreement:

A. Each Class Member, including Plaintiff, on behalf of such Class Member and of any person claiming by or through such Class Member as heir, administrator, devisee, predecessor, successor, representative of any kind, or assignee, shall be deemed to release and forever discharge Defendant (as that term is defined in the Settlement Agreement) from any and all of the Released Claims.

B. "Released Claims" means:

For Plaintiff, all claims, actions, causes of action, demands, rights, damages, costs, attorneys' fees, expenses, and compensation whatsoever arising from the envelopes, mailers and other facts alleged in the Litigation, that he or his heirs, executors, administrators, successors, assigns, and attorneys may have against Defendant for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, as of the date of the Settlement Agreement, it being the intent of Plaintiff to release all claims against Defendant under those Acts that were alleged, or could have been alleged, in the Litigation. For the Class Members other than Plaintiff, any and all claims, actions, causes of action, demands, rights, damages, costs, attorneys' fees, expenses, and compensation whatsoever arising from the envelopes, mailers and other facts alleged in the Litigation that the Class Members or the Class Members' respective heirs, executors, administrators, successors, assigns, and attorneys have and/or could assert against Defendants for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*.

The Settlement Agreement and the settlement embodied therein shall not release any debts owed by Plaintiff or the Class, nor shall the settlement operate as an accord and satisfaction of such debts. Each Class Member is permanently enjoined and barred from instituting or maintaining any action for the Released Claims against Defendant, whether by complaint, counterclaim, defense or otherwise, in any state or federal court, or in any agency or other authority or forum wherever located.

13. The Court finds the Settlement Agreement is fair and made in good faith.

14. The Court dismisses the claims of Plaintiff and the Class Members against Defendant with prejudice and without costs (other than what has been provided for in the Settlement Agreement and in this Final Order and Judgment) and this dismissal shall, to the maximum extent permitted by law, operate as *res judicata* and collateral estoppel so as to bar any future suits under those

provisions so long as they arise from or are related to the subject matter of this lawsuit during the Class Period.

15. The parties sent notice required by 28 U.S.C. §1715 to the appropriate state and federal officials, as defined by 28 U.S.C. §1715(a). This Final Judgment is entered more than ninety days after such officials were served, as is required by 28 U.S.C. §1715(d).

16. In the event that (i) the Settlement Agreement is terminated pursuant to its terms, or (ii) the Settlement Agreement, Preliminary Approval Order and Final Order and Judgment are reversed, vacated or modified in any material respect by this or any other court, then (a) all orders entered pursuant to the Settlement Agreement shall be vacated, including this Order; (b) the Litigation shall proceed as though a Settlement Agreement had never been reached; (c) no reference to the Settlement Agreement, or any documents related thereto, shall be made for any purpose; (d) nothing in this Order shall be construed or used as an admission, concession or declaration by or against Defendant, of any fault, wrongdoing, breach or liability; (e) this Order shall not be construed by or against the Plaintiff or Class Members that their claims lack merit or that the relief requested in this Litigation is inappropriate, improper or unavailable, or as a waiver by any party of any defenses it may have; (f) this Order shall not be construed or used to show that certification of any class would or would not be appropriate if this Litigation was to be litigated rather than settled; provided, however, that if the parties to the Settlement Agreement agree to appeal jointly an adverse ruling and the Settlement Agreement and Final Order and Judgment are upheld on appeal in all material respects, then the Settlement Agreement and Final Order and Judgment shall be given full force and effect. In the event of (i) or (ii) in this paragraph, all parties reserve all of their rights existing prior to the execution of the Settlement Agreement, and the doctrines of res judicata and collateral estoppel shall not be applied.

17. Neither the Settlement Agreement, this Final Order and Judgment, nor any of their provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order or the Final Order and Judgment), negotiations, or proceedings relating in any way to the Settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind or any person, and shall not be offered or received in evidence, or subject to discovery, in this or any other action or proceeding except in an action brought to enforce its terms or except as may be required by law or court order.

18. The Court retains jurisdiction over all parties to this action for purposes of the interpretation, enforcement and implementation of the Settlement Agreement and this Final Order and Judgment.

DATE: Feb. 1, 2013

By: _____

Hon. Edgardo Ramos

United States District Court Judge